**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAASHAD CARTER,

               Plaintiff - Appellant,

  v.

L. CANNEDY; et al.,

               Defendants - Appellees.

No. 12-16308

D.C. No. 2:08-cv-02381-JCW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
J. Clifford Wallace, District Judge, Presiding[**]

Submitted March 12, 2013[***]

Before:    PREGERSON, REINHARDT and W. FLETCHER, Circuit Judges.

California state prisoner Raashad Carter appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of his

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable J. Clifford Wallace, United States Senior Circuit Judge for the Ninth Circuit, sitting by designation.

    [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996), and we affirm.

The district court properly granted summary judgment because, even though Carter's year-long placement in administrative and disciplinary segregation likely imposed an atypical and significant hardship on him to implicate a protected liberty interest, Carter failed to raise a genuine dispute of material fact as to whether he was deprived of due process. *See Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (discussing combination factors used to evaluate whether challenged condition imposes an "atypical and significant hardship," and due process requirements for when inmate faces disciplinary action); *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987) (setting forth due process requirements for when confidential information is used in prison disciplinary proceeding).

The record does not support Carter's contentions regarding the district court's alleged error in pre-judging the case or ignoring Carter's arguments.

**AFFIRMED.**